UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2016-2
MAY 17, 2018 SESSION



UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 5:18-00099
                                         21 U.S.C. § 841(a)(1)
                                         18 U.S.C. § 2
                                         18 U.S.C. § 1347
MANUEL C. BARIT, M.D.

I N D I C T M E N T

The Grand Jury Charges:

**COUNTS ONE THROUGH NINETEEN**
**(Illegal Drug Distributions)**

Background

At all times material to this Indictment:

1.    Defendant MANUEL C. BARIT, M.D. was a medical doctor
licensed to practice medicine in the State of West Virginia.
Defendant BARIT's medical practice, "Mullens Family Clinic" was
located in Mullens, Wyoming County, West Virginia, and within the
Southern District of West Virginia. Defendant BARIT was the only
licensed physician who practiced at Mullens Family Clinic.

2.    Defendant MANUEL C. BARIT, M.D. had an active DEA
registration number that allowed him to prescribe controlled
substances, including Schedule II controlled substances, for

1

legitimate medical purposes while acting within the usual course of a professional medical practice.

3.    The Medicare Program ("Medicare") was a "health care benefit program" under 18 U.S.C. § 24(b) that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled.  Part B of the Medicare Program was a medical insurance program that covered, among other things, medically necessary physician's services such as office visits. The United States Department of Health and Human Services ("HHS") administered Medicare through its agency, the Centers for Medicare and Medicaid Services ("CMS").

4.    The West Virginia Medicaid Program (hereinafter, "Medicaid" or "West Virginia Medicaid") also was a "health care benefit program" under 18 U.S.C. § 24(b). Medicaid, which was state-administered, but funded jointly by the State of West Virginia and the United States government, provided access to health care for certain low-income citizens who qualified under state guidelines. West Virginia Medicaid was also administered by HHS through its agency, CMS.

5.    Individuals who received benefits under Medicare and Medicaid were commonly referred to as "beneficiaries."

6.    Defendant MANUEL C. BARIT, M.D. was enrolled as a provider for Medicare and Medicaid, and as a provider, Defendant

2

BARIT sought reimbursement for certain services rendered to Medicare and Medicaid beneficiaries. As an enrolled provider, Defendant BARIT had a "provider number" for Medicare and Medicaid which allowed him to submit requests for reimbursement by means of a "claim" to Medicare or Medicaid. A claim contained information including the provider number, beneficiary's name and identification number, date of service, and location of service. Claims submitted to Medicare or Medicaid also include a Current Procedural Terminology ("CPT") procedure code, which indicates the service provided to the beneficiary.

7.   Medicare and Medicaid permitted providers, including Defendant MANUEL C. BARIT, M.D., to submit claims for reimbursement for a variety of CPT codes for medically necessary office visits. Medicaid and Medicare required that CPT code 99212 only be submitted on a claim when a face-to-face encounter with the physician occurs.

8.   On several occasions from October 7, 2013, through January 24, 2018, Defendant MANUEL C. BARIT, M.D. travelled outside the United States to other countries. However, during several of these trips, Mullens Family Clinic remained open, and Defendant BARIT's patients came into the office to retrieve prescriptions for various controlled substances, including Schedule II controlled substances. Defendant BARIT submitted and caused to be

3

submitted many claims to Medicare and Medicaid using CPT code 99212, which indicated that beneficiaries had a face-to-face encounter with a physician at Mullens Family Clinic, when, in fact, Defendant BARIT was out of the country and did not see the beneficiaries.

<u>The illegal drug distributions</u>

9.  On or about the dates set forth below, at or near Mullens, Wyoming County, West Virginia, and within the Southern District of West Virginia, defendant MANUEL C. BARIT, M.D., aided and abetted by individuals both known and unknown to the Grand Jury, knowingly and intentionally distributed a quantity of a Schedule II controlled substance, as identified in the chart below, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice, each of which constitutes a separate count of this Indictment:

| COUNT | PATIENT INITIALS | DATE PRESCRIPTION ISSUED | CONTROLLED SUBSTANCE |
|-------|------------------|--------------------------|----------------------|
| 1 | K.M. | 5/12/17 | hydrocodone |
| 2 | K.M. | 1/16/18 | hydrocodone |
| 3 | B.N. | 5/12/17 | hydrocodone |
| 4 | T.B. | 10/24/14 | hydrocodone |
| 5 | T.B. | 1/19/15 | hydrocodone |

| 6  | N.L.   | 1/22/15  | hydrocodone     |
|----|--------|----------|-----------------|
| 7  | N.L.   | 2/3/15   | methylphenidate |
| 8  | T.M.   | 1/19/18  | hydrocodone     |
| 9  | T.M.   | 1/19/18  | methylphenidate |
| 10 | T.M.   | 5/15/17  | hydrocodone     |
| 11 | T.M.   | 1/19/15  | hydrocodone     |
| 12 | T.M.   | 1/19/15  | methylphenidate |
| 13 | M.H.   | 2/5/15   | methylphenidate |
| 14 | M.H.   | 1/30/15  | hydrocodone     |
| 15 | T.S.   | 10/29/14 | hydrocodone     |
| 16 | T.S.   | 2/5/15   | hydrocodone     |
| 17 | D.R.N. | 2/4/15   | hydrocodone     |
| 18 | D.N.   | 10/21/14 | methylphenidate |
| 19 | D.N.   | 8/10/15  | methylphenidate |

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18 United States Code, Section 2.

## COUNT TWENTY
### (Healthcare Fraud)

1.    The Grand Jury realleges and incorporates by references paragraphs one through nine of Counts One through Nineteen as though fully set forth herein.

### The Scheme to Defraud

2.    From on or about October 7, 2013, through on or about January 24, 2018, at or near Mullens, Wyoming County, West Virginia, and within the Southern District of West Virginia and elsewhere, defendant MANUEL C. BARIT, M.D., did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud health care benefit programs, and to obtain by means of materially false and fraudulent pretenses, representations, promises, and omissions, money owned by and under the custody and control of health care benefit programs, in connection with the delivery of and payment for health care benefits and services, that is, defendant MANUEL C. BARIT, M.D. submitted and caused to be submitted claims to Medicare and Medicaid using CPT code 99212, which required a face-to-face visit with a physician and a beneficiary, when in fact, as Defendant BARIT well knew, Defendant BARIT did not perform such medical services, spent no time face-to-face with the beneficiaries, was not present in the office, and was travelling outside the United States.

Executing the Scheme

3.    On or about the dates set forth below, in Mullens, Wyoming County, West Virginia, in the Southern District of West Virginia and elsewhere, defendant MANUEL C. BARIT, M.D., knowingly and willfully executed and attempted to execute the above-described scheme and artifice to defraud by submitting and causing to be submitted fraudulent claims to Medicare and Medicaid relating to services he falsely claimed to have provided to beneficiaries on dates he was outside the United States, as set forth below:

| PATIENT INITIALS | PURPORTED DATE OF SERVICE | CPT CODE | PROGRAM |
|---|---|---|---|
| K.M. | 5/12/17 | 99212 | Medicare |
| B.N. | 5/12/17 | 99212 | Medicare |
| T.B. | 10/24/14 | 99212 | Medicaid |
| T.B. | 1/19/15 | 99212 | Medicaid |
| T.B. | 2/12/16 | 99212 | Medicaid |
| T.B. | 8/13/15 | 99212 | Medicaid |
| N.L. | 10/28/14 | 99212 | Medicaid |
| N.L. | 1/22/15 | 99212 | Medicaid |
| N.L. | 2/3/15 | 99212 | Medicaid |
| M.H. | 1/30/15 | 99212 | Medicaid |
| M.H. | 2/5/15 | 99212 | Medicaid |

| T.S. | 10/29/14 | 99212 | Medicaid |
| D.R.N. | 2/4/15 | 99212 | Medicaid |

All in violation of Title 18, United States Code, Section 1347.

## FIRST NOTICE OF FORFEITURE
### (Illegal Drug Distribution)

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Counts One through Nineteen herein, for the purpose of alleging criminal forfeiture pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2.

2.    Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 856(a)(1), defendant MANUEL C. BARIT, M.D., shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense, including but not limited to the following:

   a.    The sum of $37,157.52, more or less, in United States currency constituting the balance of Account No. XX392 in People's Bank of Mullens at the time of its seizure on January 29, 2018 (CATS ID No. 18-DEA-638418).

3.    If any of the property described above as being subject to forfeiture pursuant to 21 U.S.C. § 853(a), as a result of any act or omission of the defendant:

   a.    cannot be located upon the exercise of due diligence;

b.   has been transferred to, sold to, or deposited with a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property that cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853 (p).

All in violation of Title 21, United States Code, Section 853.

## SECOND NOTICE OF FORFEITURE
### (Health Care Fraud)

1.   The Grand Jury realleges and incorporates by reference the allegations contained in Counts One through Nineteen herein, for the purpose of alleging criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2.

2.   Upon conviction of any of the felony offenses charged in Count Twenty of this Indictment, defendant MANUEL C. BARIT, M.D., shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1347, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(F), involving a federal health care offense as defined in 18 U.S.C. § 24, or a conspiracy to commit such offense; and defendant MANUEL C. BARIT, M.D., shall forfeit to the United States of America, property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of 18 U.S.C. § 1347, involving a Federal health care offense as defined in 18 U.S.C. § 24.

3.   If any property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7), as a result of any act or omission of the defendant:

11

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred to, sold to, or deposited with a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property that cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853 (p).

All pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7); and 18 U.S.C. § 1347.

MICHAEL B. STUART
United States Attorney

By: _____
C. Haley Bunn
Assistant United States Attorney