

# United States Department of Justice

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

January 9, 2019



Michael Callaghan, Esquire
Neely & Callaghan
159 Summers Street
Charleston, WV 25301

      Re:  United States v. Manuel Barit, M.D.
           Criminal No. 5:18-cr-00099 (USDC SDWV)

Dear Mr. Callaghan:

    This will confirm our conversations with regard to your client, Manuel Barit, M.D. (hereinafter "Dr. Barit"). As a result of these conversations, it is agreed by and between the United States and Dr. Barit as follows:

    1.  **PENDING CHARGES.** Dr. Barit is charged in a Twenty-Six count superseding indictment as follows:

    (a)  Counts One through Twenty-Five charge Dr. Barit with a violation of 21 U.S.C. § 841(a)(1) (illegal drug distribution); and

    (b)  Count Twenty-Six charges Dr. Barit with a violation of 18 U.S.C. § 1347 (healthcare fraud).

    2.  **RESOLUTION OF CHARGES.** Dr. Barit will plead guilty to Count Twenty-Six of said superseding indictment, which charges him with a violation of 18 U.S.C. § 1347. Following final disposition, the United States will move the Court to dismiss Counts One through Twenty-Five in Criminal No. 5:18-cr-00099 as to Dr. Barit.

                                                  *MCB*
                                        Defendant's
                                        Initials

Michael Callaghan, Esquire  
January 9, 2019                        Re: Manuel Barit, M.D.  
Page 2

    3.    **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Dr. Barit will be exposed by virtue of this guilty plea is as follows:

    (a)   Imprisonment for a period of up to 10 years;

    (b)   A fine of $250,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)   A term of supervised release of up to 3 years years;

    (d)   A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

    (e)   An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT**. Prior to the entry of a plea pursuant to this plea agreement, Dr. Barit will tender a check or money order to the Clerk of the United States District Court for $100.00, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Dr. Barit will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Dr. Barit fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Dr. Barit.

_____  
Defendant's Initials

Michael Callaghan, Esquire  
January 9, 2019                                   Re: Manuel Barit, M.D.  
Page 3

    5.    **RESTITUTION**. Notwithstanding the offense of conviction, Dr. Barit agrees that he owes restitution in the amount of $26,378.37 and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Dr. Barit further agrees as follows:

(a) Dr. Barit agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Dr. Barit will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Dr. Barit agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest, including:

(c) Dr. Barit agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Dr. Barit agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

                                                                                      *[signature]*  
                                                                                     Defendant's  
                                                                                     Initials

Michael Callaghan, Esquire
January 9, 2019                             Re: Manuel Barit, M.D.
Page 4

    (e)    Dr. Barit agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court from ordering Dr. Barit to pay a greater or lesser sum of restitution in accordance with law.

6.    **SURRENDER OF REGISTRATION.** Dr. Barit hereby agrees:

    (a)    To permanently surrender his Drug Enforcement Administration Certificate of Registration (DEA Form 223);

    (b)    Not to oppose revocation of his registration to dispense controlled substances pursuant to 21 U.S.C. § 824(a) and 21 C.F.R. § 1301.45 on the grounds that Dr. Barit has:

        (i)    been convicted of a felony relating to a controlled substance; and

        (ii)    committed such acts as would render his registration under 21 U.S.C. § 823 inconsistent with the public interest as determined under that section.

7.    **SURRENDER OF MEDICAL LICENSE.** Dr. Barit hereby agrees to surrender and abandon to the United States his license to practice as a medical doctor, West Virginia license number 12978. Dr. Barit agrees to permanently surrender the license and to never seek reinstatement of said license. Dr. Barit further agrees that, prior to sentencing in this case, he will provide this executed agreement to the West Virginia Board of Medicine and to voluntarily enter into a consent order with the West Virginia Board of Medicine which permanently revokes his license to practice as a medical doctor.

*[signature]*
Defendant's Initials

Michael Callaghan, Esquire
January 9, 2019                              Re: Manuel Barit, M.D.
Page 5

      8.    **FORFEITURE**. Notwithstanding the offense of conviction, Dr. Barit agrees to forfeit to the United States the sum of $37,157.52, more or less, in United States currency which was seized from the bank account held in the name of Mullins Family Clinic at People's Bank of Mullens, account number XX392, on or about January 29, 2018. Dr. Barit agrees that the amount is forfeitable pursuant to 18 U.S.C. § § 981(a)(1)(C) and 982(a)(7), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2. Dr. Barit also agrees that the amount constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1347, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(F).

      Dr. Barit also hereby agrees to waive all constitutional, statutory, and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture or transfer carried out in accordance with this plea agreement on any grounds, including that the forfeiture or transfer described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

      9.    **PAYMENT OF MONETARY PENALTIES**. Dr. Barit authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Dr. Barit agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Dr. Barit further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

                                                                 _MCB_
                                                          Defendant's
                                                          Initials

Michael Callaghan, Esquire
January 9, 2019                          Re: Manuel Barit, M.D.
Page 6

Dr. Barit authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Dr. Barit shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Dr. Barit agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

10. **COOPERATION.** Dr. Barit will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Dr. Barit may have counsel present except when appearing before a grand jury.

11. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Dr. Barit, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

                                                     *MCB*
                                             Defendant's
                                             Initials

Michael Callaghan, Esquire
January 9, 2019                              Re: Manuel Barit, M.D.
Page 7

    12. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Dr. Barit for any violations of federal or state laws. The United States reserves the right to prosecute Dr. Barit for perjury or false statement if such a situation should occur pursuant to this agreement.

    13. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Dr. Barit stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Dr. Barit agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the superseding indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Dr. Barit or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Dr. Barit knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Dr. Barit understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

*[signed]*<br>Defendant's<br>Initials

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Dr. Barit knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Dr. Barit also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 18 U.S.C. 1347 is unconstitutional, and (2) Dr. Barit conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 18 U.S.C. 1347.

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Dr. Barit also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT.** Dr. Barit knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any

_____
Defendant's
Initials

limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)    Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)    Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)    Respond to questions raised by the Court;

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Dr. Barit;

    (f)    Advise the Court concerning the nature and extent of Dr. Barit's cooperation; and

    (g)    Address the Court regarding the issue of Dr. Barit's acceptance of responsibility.

15. **VOIDING OF AGREEMENT.** If either the United States or Dr. Barit violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Dr. Barit in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against

_____
Defendant's Initials

Michael Callaghan, Esquire
January 9, 2019　　　　　　　　　　　Re: Manuel Barit, M.D.
Page 10

Dr. Barit in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                      MICHAEL B. STUART
                      United States Attorney

By:   *[signature]*

                      C. HALEY BUNN
                      Assistant United States Attorney

CHB/ajc

*MCB*
Defendant's Initials

Michael Callaghan, Esquire
January 9, 2019                           Re: Manuel Barit, M.D.
Page 11

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eleven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____            _1/15/2019_____
Manuel Barit, M.D.                    Date Signed
Defendant

_____            _1/15/2019_____
Michael Callaghan, Esquire            Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.                                                                   CRIMINAL NO. 5:18-cr-00099

**MANUEL BARIT, M.D.**

### STIPULATION OF FACTS

The United States and Manuel Barit, M.D. stipulate and agree that the facts comprising the offenses of conviction (Count Twenty Six in the Superseding Indictment in the Southern District of West Virginia, Criminal No. 5:18-cr-00099) and the relevant conduct for those offenses, include the following:[1]

#### Background

The following information applies to the time period from at least October 2013 through at least February 2018. I am a medical doctor licensed to practice medicine within the State of West Virginia. I have never been licensed in any other jurisdictions. I also hold a Drug Enforcement Administration (DEA) registration number that allows me to prescribe controlled substances, including Schedule II controlled substances, within the bounds of a legitimate medical practice. I am aware that my DEA registration and medical license only allow me to practice medicine and prescribe controlled substances while present in the State of West Virginia. I am also aware that regulations promulgated by the West Virginia Board of Medicine prohibit medical doctors from pre-signing blank prescription forms. When a patient is given a prescription, a distribution of controlled substances within the meaning of 21 U.S.C. § 841(a)(1) is completed. My medical practice, "Mullens Family Clinic," is located at 300 Howard Avenue, Mullens, Wyoming County, within the Southern District of West Virginia. No other physicians, physician's assistants, or nurse practitioners practice at Mullens Family Clinic.

The Medicare Program ("Medicare") is a "health care benefit program" under 18 U.S.C. § 24(b) that provides free or below-cost

---

[1] This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Superseding Indictment.

**PLEA AGREEMENT EXHIBIT A**

health care benefits to certain individuals, primarily the elderly, blind, and disabled. Part B of the Medicare Program is a medical insurance program that covers, among other things, medically necessary physician's services such as office visits. The United States Department of Health and Human Services ("HHS") administers Medicare through its agency, the Centers for Medicare and Medicaid Services ("CMS"). The West Virginia Medicaid Program (hereinafter, "Medicaid" or "West Virginia Medicaid") is also a "health care benefit program" under 18 U.S.C. § 24(b). Medicaid, which is state-administered, but funded jointly by the State of West Virginia and the United States government, provides access to health care for certain low-income citizens who qualify under state guidelines. West Virginia Medicaid is also administered by HHS through its agency, CMS.

Individuals who receive benefits under Medicare and Medicaid are commonly referred to as "beneficiaries." I have been enrolled as a Medicare and Medicaid provider since at least 2013, and I have sought reimbursement from Medicare and Medicaid for services rendered, or purported to be rendered, to beneficiaries. I have a Medicare and a Medicaid "provider number" which allow me to submit requests for reimbursement by means of a "claim" to either Medicare or Medicaid. A claim contains information including the provider number, beneficiary's name and identification number, date of service, and location of service. Claims submitted to Medicare or Medicaid also include a Current Procedural Terminology (CPT) procedure code which indicates the service provided to the beneficiary. Two such codes I have submitted on Medicare and Medicaid claims are CPT codes 99212 and 99213. I am aware that CPT codes 99212 and 99213 should only be submitted on a claim when I have a face-to-face encounter with the patient.

### Factual Basis for the Plea and Relevant Conduct

On 11 occasions from October 2013 through January 2018, I travelled outside the United States. On ten of these occasions, I instructed my office staff to keep Mullens Family Clinic open in my absence. I pre-signed various prescriptions and left them at the clinic while I was abroad. I instructed patients to come into the office in my absence and I instructed my office staff to distribute the prescriptions I had pre-signed to the patients who came into the office. The prescriptions were for various controlled substances, including Schedule II controlled substances such as oxycodone, hydrocodone, and amphetamine. I and my staff filled out the prescriptions that were distributed in my absence to make them appear as though I was present on the day the patient came into the office to retrieve the prescription.

Additionally, with my approval, my office staff submitted claims to federal health care programs, including Medicare and Medicaid, for office visits using CPT codes 99212 and 99213 for the patients who came to Mullens Family Clinic to pick up prescriptions while I was abroad. I was aware that these claims were submitted and that these patients had no face-to-face time with a physician because I, the only physician working at Mullens Family Clinic, was out of the country when the office visits purportedly occurred.

Specifically, on the dates listed in Count Twenty Six of the Superseding Indictment in this case, I was outside the United States, and known Medicare and Medicaid beneficiaries, identified by their initials in the Superseding Indictment, came into Mullens Family Clinic to pick up prescriptions for various Schedule II controlled substances. I had pre-signed the prescriptions prior to leaving the country, but they were dated to appear as though I had signed them on the days the patients came into the office. I instructed my office staff to give the prescriptions to the identified patients in my absence. I also instructed my office staff to submit claims to Medicare and Medicaid using CPT Codes 99212 and 99213 for the identified patients' visits to Mullens Family Clinic on those days. I know that the identified patients did not have any face-to-face time with a physician at Mullens Family Clinic on those days because I was out of the country. Medicare and Medicaid reimbursed me for the purported office visits pursuant to the claims submitted.

The United States and I also agree that federal health care programs, including Medicare and Medicaid, reimbursed to me a total of $26,378.37 for fraudulent claims billed for office visits that purportedly occurred while I was outside the United States.

Stipulated and agreed to:

_Manuel C Barit_      1-15-2019
Manuel Barit, M.D.      Date
Defendant

_[signature]_      1-15-2019
Michael Callaghan, Esq.      Date
Counsel for Defendant

_[signature]_      1-30-19
C. Haley Bunn      Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**

3